IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LEROY HACKETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:20-cv-429 |
| vs. ) | (Removal from the Circuit Court of |
| ) | St. Charles County, 11th Judicial |
| MENARD, INC. D/B/A MENARDS ) | Circuit Case No. 2011-CC00067) |
| (incorrectly named as MENARDS, INC. ) | |
| D/B/A MENARDS) ) | JURY TRIAL DEMANDED |
| ) | |
| and ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Menard, Inc. d/b/a/ Menards (incorrectly named as Menards, Inc. d/b/a Menards and hereinafter referred to as "Menard, Inc. ") hereby files this Notice of Removal of this Case from the Circuit Court of St. Charles County, State of Missouri, Civil Action No. 2011-CC00067, where it is currently pending, to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. As grounds for removal, Defendant states:

1.   Plaintiff Leroy Hackett, Jr. (hereinafter, "Plaintiff") filed his Petition in the Circuit Court of St. Charles County, State of Missouri, Civil Case No. 2011-CC00067, naming Menard, Inc. d/b/a Menards (incorrectly named as Menards, Inc. d/b/a Menards") and John Doe as the defendants. (Exhibit A, Circuit Court File).

2.   Menard, Inc. was served with Plaintiff's Petition on February 20, 2020. (Exhibit A, Circuit Court File).

3. At the time of this filing, John Doe has not been served with Plaintiff's Petition. (Exhibit A, Circuit File)

4. As set forth in Plaintiff's Petition, Plaintiff is a citizen of St. Louis, County, Missouri. (Exhibit A, Petition ¶ 1).

5. A corporation's citizenship for purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C § 1332(c)(1); see also *GMAC Commercial Credit LLC, v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

6. A corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010). Normally, it is where the corporation maintains its headquarters, (i.e. its "nerve center"). Id.

7. Menard, Inc. is a Wisconsin corporation. (Exhibit B, Affidavit of Jeff Sacia ¶ 3).

8. Menard, Inc.'s headquarters is located in Eau Claire, Wisconsin. (Exhibit B, ¶ 4).

9. The offices of Menard, Inc.'s officers and executives are located at its headquarters in Eau Claire, Wisconsin, and out of that location Defendant directs, controls, and coordinates its business. (Ex. B, ¶¶ 4-6).

10. Additionally, Menard, Inc. has been found to be "a citizen of Wisconsin for diversity jurisdiction purposes." *Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997). See also *Colletti v. Menard, Inc.*, No. 14-cv-1358, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014); *Rogers v. Menard, Inc.*, No. 3:15-cv-067, 2015 WL 4064779, at *2 (N.D. Ind. July 2, 2015).

11. Accordingly, for the purposes of federal diversity jurisdiction, Menard, Inc. is a citizen of the State of Wisconsin, as it is incorporated in Wisconsin and its principal place of business is located in Wisconsin.

12. At the time this action commenced and at all times since, Plaintiff and Menard, Inc. were and remain citizens of different states.

13. Pursuant to 28 U.S.C. § 1441(b)(1), "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  As such, the citizenship of Defendant John Doe is to be disregarded and not considered in determining whether this civil action is removable.

14. Plaintiff's Petition does not specify the amount of damages sought in this matter.[1] To satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder could legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); see also *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement.").

15. Plaintiff herein seeks damages related to a personal injury allegedly sustained during the delivery of pallets of potted flowers. (Exhibit A, Petition *generally*). Specifically, Plaintiff seeks damages allegedly sustained to his "skull, brain, neck and body as a whole." Exhibit

---

[1] Missouri Rules of Civil Procedure do not permit Plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded… in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority…").

A, Petition, ¶¶ 10, 17, 29, 35). In addition, Plaintiff alleged that he "required medical treatment," "will require medical treatment in the future," and that he "incurred medical treatment expenses and will incur medical expenses in the future." (Exhibit A, Petition ¶¶ 10-11 17-18, 29-30, and 35-36). Plaintiff further alleges that "Plaintiff's ability to work; labor; and enjoy life has been and will be impaired, all to his detriment and damage." (Exhibit A, Petition, ¶¶ 11, 18, 30, 36). Similar allegations have been found to meet the jurisdictional amount in this District. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036. (E.D. Mo. 2002).

16. Moreover, on November 7, 2018, Plaintiff, through his counsel, provided a settlement demand of $100,000.00 to Menard, Inc. to resolve this case. (Exhibit C, correspondence from Plaintiff's Counsel).

17. This Court has held that "although the existence of a settlement demand does not resolve the issue [of the amount in controversy], it is relevant." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010). Further, when determining whether the amount in controversy is met, "the evidence may include plaintiff's representations, including settlement offers by plaintiff *exceeding* the jurisdictional amount…or an extensive list of serious and disabling injuries suffered by the plaintiff." *Gillming v. Jill*, No. 06-0123 CV W FJG, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006) (internal quotation marks and citations omitted) (emphasis in original). *See also Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668 (E.D. Mo. July 12, 2012); *Dozier v. USAA Cas. Ins.*, No. 4:15-CV-00279-JAR, 2016 WL 629029 (E.D. Mo. Feb. 17, 2016).

18. Accordingly, a fact finder might legally conclude that the damages sought are greater than $75,000.00.

19. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

20. This Notice of Removal is being filed within thirty (30) days after receipt by Defendant through service of a copy of the initial pleading setting forth Plaintiff's claim for relief.

21. Removal of this action is not prohibited by any federal statute.

22. Attached hereto as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of Boone County, State of Missouri and served upon this Defendant.

23. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of St. Charles County, State of Missouri.

24. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Charles County, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 20th day of March, 2020.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
505 North 7th Street,   Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile


By: /s/ Gregory T. Cook
　　Gregory T. Cook      #57408 MO
　　gcook@mvplaw.com
　　LaceShionna N. Cline  #68000 MO
　　lcline@mvplaw.com
　　*Attorneys for Defendant Menard, Inc.*
　　*d/b/a Menards*


## CERTIFICATE OF SERVICE

　　The undersigned hereby certifies that on this 20th day of March, 2020, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to all counsel of record.



　　　　　　　　　　　　　　/s/ Gregory T. Cook