2011-CC00067

Electronically Filed - St Charles Circuit Div - January 17, 2020 - 02:23 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | | |
|---|---|---|
| LEROY HACKETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: |
| | ) | |
| MENARDS, INC., d/b/a | ) | Division: |
| MENARDS | ) | |
| | ) | |
| SERVE AT: | ) | |
| CSC-Lawyers Incorporating | ) | |
| Service Company | ) | |
| Jefferson City, MO  65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOE | ) | |
| HOLD SERVICE | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

**COMES NOW**, Plaintiff, Leroy Hackett, Jr., by and through his undersigned attorney, and for his Petition against Defendant Menards, Inc. d/b/a Menards (hereinafter referred to as Menards and John Doe) states the following:

1. Plaintiff, Leroy Hackett, Jr., is a resident of St. Louis County, Missouri.

2. Defendant Menards, Inc is a foreign corporation incorporated under the Laws of the State of Wisconsin doing business as "Menards" under a fictitious name registered with the State of Missouri, with its registered agent for receipt of service of process located at 221 Boliver Street, Jefferson City, Missouri  65101.

Exhibit ___A___

Electronically Filed - St Charles Circuit Div - January 17, 2020 - 02:23 PM

3. The Menards home improvement store located at 151 Spencer Road, St. Charles County, Missouri 63376.

4. Defendant, John Doe, is an employee of Defendant Menards.

5. On or about May 20, 2016, Plaintiff was a business invitee on Defendant Menards premises located at 151 Spencer Road, St. Peters, Missouri, when while delivering products to defendant Menards, an employee of Defendant Menards, Defendant John Doe, lifted several pallets of potted flowers with a forklift and failed to lift them with reasonable caution and/or expertise, permitted the pallets to fall upon Plaintiff causing him serious injury and damage.

<u>COUNT I DEFENDANT MENARDS</u><br><u>NEGLIGENCE</u>

**COMES NOW**, Plaintiff, Leroy Hackett, Jr., by and through his undersigned attorney, and for Count III of his Cause of Action against Defendant, Menards, states to the Court as follows:

6. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 5 above as if fully set forth herein.

7. On or about May 20, 2016, Defendant, Menards by and through its agents, servants and employees created a dangerous condition by attempting to remove a rack of pallets of potted flowers from Plaintiff's employer's trailer.

8. Defendant Menards by and through its agents, servants and employee knew, or by using ordinary care should have known, that lifting the entire rack of pallets

of potted flowers was dangerous and created a potential hazard in an area frequented by customers and other persons.

9. Defendant, Menards, by and through its agents, servants and/or employees, failed to exercise ordinary care and was therefore negligent in one or more of the follow respects:

   a. Defendant Menards failed to barricade the trailer area where the racks of pallets were located prior to removal from the trailer;

   b. Defendant Menards failed to provide proper, safe and clear egress for persons, including, Plaintiff who delivers products to Defendant Menards;

   c. Defendant Menards failed to warn Plaintiff of the danger of racks of pallets failing from its forklift;

   d. Defendant Menards failed to exercise reasonable care for the safety of Plaintiff.

10. As a direct and proximate result of Defendant's Menard's carelessness and negligence as detailed above, Plaintiff was injured and damaged. Plaintiff sustained physical injuries to his skull, brain, neck and body as a whole; Plaintiff required medical treatment and will require medical treatment in the future.

11. As a direct and proximate result of Defendant Menards carelessness and negligence as detailed above, Plaintiff incurred medical treatment expenses, will incur medical treatment expense in the future; Plaintiff's ability to work; labor and enjoy life has been and will be impaired, all to his detriment and damage.

3

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendant Menards in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), together with his costs incurred and expended, and for further relief as the Court deems just and proper in the premises.

<u>COUNT II DEFENDANT MENARDS</u>
<u>PREMISES LIABILITY</u>

**COMES NOW**, Plaintiff, Leroy Hackett, Jr., by and through his undersigned attorney, and for his Count II of his Cause of Action against Defendant, Menards, states to the Court as follows:

12. Plaintiff restates and incorporates by referenced the allegations contained in Paragraphs 1 through 5 above as if fully set forth herein.

13. At all times relevant herein, Defendant Menards owned, operated, managed, maintained and/or controlled the home improvement store located at 561 Spencer, St. Peters, State of Missouri.

14. On May 20, 2016, Plaintiff was an invitee on "the premises".

15. On May 20, 2016, Defendant Menards employee was removing racks of pallets of potted flowers from Plaintiff's employer's trailer.

16. Defendant Menards knew or by using ordinary care could have known that the removal of the racks of pallets from the trailer, was dangerous in that the forklift could lose control of said pallets, the forklift could collide with someone, or run over someone and was, therefore, careless and negligent in one or more of the following respects:

4

    a. Defendant Menards failed to barricade the trailer area where the racks of pallets of potted flowers were located prior to removal from the trailer;

    b. Defendant Menards failed to provide proper, safe and clear egress for persons, including, Plaintiff who delivers products to Defendant Menards;

    c. Defendant Menards failed to warn Plaintiff of the danger of racks of pallets of potted flowers failing from its forklift;

    d. Defendant Menards failed to exercise reasonable care for the safety of Plaintiff.

17. As a direct and proximate result of Defendant's Menard's carelessness and negligence as detailed above, Plaintiff was injured and damaged.  Plaintiff sustained physical injuries to his skull, brain, neck and body as a whole; Plaintiff required medical treatment and will require medical treatment in the future.

18. As a direct and proximate result of Defendant Menards carelessness and negligence as detailed above, Plaintiff incurred medical treatment expenses, will incur medical treatment expense in the future; Plaintiff's ability to work; labor and enjoy life has been and will be impaired, all to his detriment and damage.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Menards in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), together with his costs incurred and expended, and for further relief as the Court deems just and proper in the premises.

Electronically Filed - St Charles Circuit Div - January 17, 2020 - 02:23 PM

## COUNT III DEFENDANT MENARDS
## RES IPSA LOQUITUR

**COMES NOW**, Plaintiff, Leroy Hackett, Jr., by and through his attorney, and for Count I of his Cause of Action against Defendant Menards, states to the Court as follows:

19. Plaintiff incorporates Paragraphs 1 through 5, states above by referenced as if fully set forth herein.

20. At all times mentioned in this Petition, Defendant Menards owned, operated, maintained and/or controlled the premises located at 151 Spencer Road, St. Peters, Missouri 65101, hereinafter referred to as the "The Premises".

21. On May 20, 2016, Plaintiff was an invitee on "the premises".

22. On May 20, 2016, Plaintiff was working for J.D. Distributing and delivering several racks of pallets of potted flowers to Defendant Menards and Defendant John Doe was utilizing a fork lift to remove said racks form Plaintiff's employer's trailer.

23. On May 20, 2016, Defendant John Doe, while utilizing a fork lift to remove several racks of potted flowers form the trailer, was lifting a rack of potted flowers while Plaintiff looked on.  Defendant John Doe improperly and/or wrongfully lifted the rack of pallets of potted flowers as the entire rack of pallets fell onto Plaintiff causing injury and damage.

24. Defendant Menards on May 20, 2016 had the right to control Defendant John Doe and his use of Defendant's forklift.

25. Racks of pallets of potted flowers are not lifted several inches in the air and do not ordinarily fall striking invitees unless those in charge of the forklift use ordinary are.

26. At all times relevant herein, the rack of pallets of potted flowers was under the management and control of Defendant Menards.

27. Defendant Menards possessed supervisor knowledge or means of information as to not cause the racks of potted flowers to fall on Plaintiff.

28. From the fact that a rack of pallets of potted flowers fell from a fork lift and the reasonable inference therefrom the falling rack was directly and proximately caused by Defendant Menards negligence and failure to exercise ordinary care.

29. As a direct and proximate result of such negligence of Defendant Menards, Plaintiff sustained injuries and was damaged; Plaintiff sustained injury to his head, brain and body as a whole; Plaintiff required medical treatment.

30. As a direct and proximate result of Defendant's use of due care, Plaintiff incurred medical treatment expense, will incur treatment expenses in the future; Plaintiff's ability to work, labor and enjoy life was a will be impaired, all to his detriment.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendant Menards in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), together with his costs incurred and expended, and for further relief as the Court deems just and proper in the premises.

7

## COUNT IV DEFENDANT JOHN DOE
## NEGLIGENCE

**COMES NOW**, Plaintiff, Leroy Hackett, Jr, by and through his undersigned attorney, and for Count IV of his Cause of Action against Defendant, John Doe, states to the Court as follows:

31. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 5 above as if fully set forth herein.

32. On May 20, 2016, Defendant, John Doe, as an agent, servant and employee of Defendant Menards created a dangerous condition by improperly attempting/performing of lifting a full rack of pallets of potted flowers with a forklift in an area where items falling could strike customers and/or others in the area.

33. Defendant, John Doe, as an agent, servant and employee, knew or by using ordinary care should have known that lifting the full rack of pallets of potted plants was dangerous and created a potential hazard in an area frequently by customers and other persons.

34. Defendant, John Doe, as an agent, servant and/or employee of Defendant Menards failed to use ordinary care and therefore was negligent in one or more of the following respects:

    a. Improperly attempting to lift the entire rack of pallets of the potted flowers;

    b. Carelessly lifting the entire rack of pallets of potted flowers;

Electronically Filed - St Charles Circuit Div - January 17, 2020 - 02:23 PM

    c. Failing to barricade the area in which the rack of pallets of potted plants was lifted;

    d. Failing to warn of the danger of falling items including the entire rack of potted flowers; and,

    e. Failing to exercise reasonable care for the safety of Plaintiff and other invites on the premises.

35. As a direct and proximate result of Defendant John Doe's carelessness and negligence as detailed above, Plaintiff was injured and damaged.  Plaintiff sustained physical injuries to his skull, brain, neck and body as a whole; Plaintiff required medical treatment and will require medical treatment in the future.

36. As a direct and proximate result of Defendant John Doe's carelessness and negligence as detailed above, Plaintiff incurred medical treatment expenses, will incur medical treatment expense in the future; Plaintiff's ability to work; labor and enjoy life has been and will be impaired, all to his detriment and damage.

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant, John Doe, in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), together with costs herein incurred and expended, and for further relief as the Court deems just and proper in the premises.

       LAW OFFICES OF KEVIN D. WAYMAN
*/s/ Kevin D. Wayman*
**KEVIN D. WAYMAN, # 38184**
Attorney at Law, LLC
2333 S. Hanley Road, Suite 101
St. Louis, Missouri 63144
(314) 525-7177
(314) 525-7178 Facsimile
Attorney for Plaintiff
kevinwayman@msn.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing document was efiled this 17th day of January, 2020. /psd

| STATE OF MISSOURI | ) |
|---|---|
|  | ) ss. |
| ST. CHARLES COUNTY, MISSOURI | ) |

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI                               )
                                                ) ss.
ST. CHARLES COUNTY, MISSOURI                    )

        IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____       )
                Plaintiff(s),   )
                                                )
vs.                                             )   Cause #_____
                                                )
_____       )
                Defendant(s).  )

## CONSENT TO MEDIATION FORM

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

\_\_\_\_\_  We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

\_\_\_\_\_  We do not consent to the referral of this case to mediation.

                                        _____
                                        Signature

                                        _____
                                        (Print Name)

                                        Attorney for:

                                        _____
                                        (Party or Parties)

Date: _____

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | | |
|---|---|---|
| LEROY HACKETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.:  2011-CC00067 |
| | ) | |
| MENARDS, INC., d/b/a | ) | Division:  7 |
| MENARDS and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF HEARING

Please take Notice that this matter is set for hearing at 9:00 a.m. on Thursday, March 12, 2020 at 9 a.m. in Division 7 of the St. Charles County Court.

      LAW OFFICES OF KEVIN D. WAYMAN
      */s/ Kevin D. Wayman*
      **KEVIN D. WAYMAN, # 38184**
      Attorney at Law, LLC
      2333 S. Hanley Road, Suite 101
      St. Louis, Missouri 63144
      (314) 525-7177
      (314) 525-7178 Facsimile
      Attorney for Plaintiff
      kevinwayman@msn.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was efiled this 27th day of January, 2020. /psd

NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

In The 11th Judicial Circuit Court, St. Charles County, Missouri
300 N 2ND STREET, SAINT CHARLES, MISSOURI 63301

**LEROY HACKETT JR V MENARDS INC ET AL**

**CASE NO : 2011-CC00067**

To:     File

**FILED**

**FEB 1 4 2020**

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

**CIRCUIT CLERK**
**ST. CHARLES CO.**

**Filing Date**     **Description**

14-Feb-2020     Judge/Clerk - Note
DUE TO CONFLICTS IN THE COURTS SCHEDULE THIS CAUSE WILL NEED TO BE RESET FOR 3-19-2020 AT 9:00 AM. GB

Hearing Scheduled
Scheduled For: 19-Mar-2020 9:00 AM; DANIEL G PELIKAN; DIVISION 7 COURTROOM; St Charles Circuit Div
PLAINTIFFS HEARING ON THIS MATTER
Event Location: 300 N 2Nd Street,Saint Charles, Mo

*Georgia Brauchsick*

Clerk of Court

CC:     File
        JOHN DOE - No Address
        LEROY HACKETT, JR.
        MENARDS, INC D/B/A MENARDS
ECC:    KEVIN DEAN WAYMAN

Date Printed : 14-Feb-2020

Electronically Filed - St Charles Circuit Div - February 24, 2020 - 01:29 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | |
|---|---|
| LEROY HACKETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 2011-CC00067 |
| ) | |
| MENARDS, INC., d/b/a ) | Division: 7 |
| MENARDS and John Doe, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

COMES NOW, Leroy Hackett, Jr., by and through his undersigned attorney, Kevin D. Wayman, and hereby files the Return of Service on Defendant, Menards, Inc d/b/a Menards, Registered Agent, CBC-Lawyers, Inc. Service Co.

        LAW OFFICES OF KEVIN D. WAYMAN
        */s/ Kevin D. Wayman*
        **KEVIN D. WAYMAN, # 38184**
        Attorney at Law, LLC
        2333 S. Hanley Road, Suite 101
        St. Louis, Missouri 63144
        (314) 525-7177
        (314) 525-7178 Facsimile
        Attorney for Plaintiff
        kevinwayman@msn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was efiled this 24th day of February, 2020. /psd

1

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** DANIEL G PELIKAN | **Case Number:** 2011-CC00067 |
| **Plaintiff/Petitioner:** LEROY HACKETT, JR. vs. | **Plaintiff's/Petitioner's Attorney/Address** KEVIN DEAN WAYMAN 2333 S HANLEY RD STE 101 BRENTWOOD, MO 63144 |
| **Defendant/Respondent:** MENARDS, INC D/B/A MENARDS | **Court Address:** 300 N 2nd STREET SAINT CHARLES, MO 63301 |
| **Nature of Suit:** CC Pers Injury-Other | |

**RECEIVED FEB 1 9 2020 COLE COUNTY SHERIFF'S OFFICE** (Date File Stamp)

## Summons in Civil Case

The State of Missouri to: MENARDS, INC D/B/A MENARDS
Alias:
CSC-LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

January 23, 2020    /S/ CHERYL CROWDER
Date                 Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers, LS. (name) Abigail, (title).
☐ other: _____

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 02-20-2020 (date) at 800 AM (time).

Sheriff Ana P Wheeler by _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____
                        Date           Notary Public

**Sheriff's Fees, if applicable**
Summons                  $_____
Non Est                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $ 10.00
Mileage                  $_____ (___ miles @ $___ per mile)
Total                    $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-125    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo





**IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI**
CIRCUIT JUDGE DIVISION

FILED
MAR 19 2020
CIRCUIT CLERK
ST. CHARLES CO.

**STATE OF MISSOURI**
**VS**
Blanket Order for 3-19-2020 Docket in Div 7

CAUSE NUMBER: Blanket Order
DATE: 3-17-2020

~~MEMORANDUM~~ ORDER

_____ COMES NOW DEFENDANT IN PERSON PRO SE AND REQUESTS CONT TO HIRE COUNSEL. CAUSE PASSED TO _____ @ 9:00 AM FOR COUNSEL STATUS.

_____ CAUSE CONT TO _____ @9:00 AM/1:30 PM AT REQUEST OF _____ FOR:

_____ ARRAIGNMENT          _____ PLEA

_____ SENTENCING           _____ SETTING/DISPOSITION

_____ PROB. VIOLATION HRG. _____ STATUS/RESTITUTION

_____ INDIGENCY HEARING    _____ COUNSEL STATUS

_____ PRE-TRIAL MOTIONS    _____ JURY / NON JURY TRIAL

_____ DEFENDANT IS ORDERED TO APPEAR.    _____ PROBATION SUSPENDED

_____ DEFENDANT FAILS TO APPEAR---UPON VIOLATION REPORT FILED-AND/OR- REQUEST OF PROBATION OFFICER. CAPIAS ISSUED. BOND SET AT: _____
CASH ONLY/ BY DEFT ONLY/ NO 10%

_____ DEFT HAVING DISPOSED OF CHARGES IS ORDERED RELEASED FROM CUSTODY

In Compliance to the order issued by the Supreme Court of MO and the Administrative Order issued by the Presiding Judge of the 11th Judicial Circuit, All matters will be cont. from 3-19-2020 to 4-30-2020 at 9:00 A.M. except in custody cases.

SO ORDERED: [signature]

_____ ATTORNEY

_____ ATTORNEY

_____ PRO-SE DEFT

CRCLK100-10/07



| | |
|---|---|
| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess  Logoff GREGORY_COOK |

### 2011-CC00067 - LEROY HACKETT JR V MENARDS INC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**03/17/2020**  ☐ **Hearing Scheduled**
Scheduled For: 04/30/2020; 9:00 AM ; DANIEL G PELIKAN; St Charles Circuit Div

☐ **Order for Continuance**
IN COMPLIANCE TO THE ORDER ISSUED BY THE SUPREME COURT AND THE ADMINISTRATIVE ORDER ISSUED BY THE PRESIDING JUDGE OF THE 11TH JUDICIAL CIRCUIT, ALL MATTERS WILL BE CONT FROM 3-19-2020 TO 4-30-2020 AT 9:00 AM. DGP/gdb
Filed By: DANIEL G PELIKAN

☐ **Hearing Continued/Rescheduled**
IN COMPLIANCE TO THE ORDER ISSUED BY THE SUPREME COURT AND THE ADMINISTRATIVE ORDER ISSUED BY THE PRESIDING JUDGE OF THE 11TH JUDICIAL CIRCUIT, ALL MATTERS WILL BE CONT FROM 3-19-2020 TO 4-30-2020 AT 9:00 AM. GB; Continuance Reason - DCTCN Docket Cancelled; Continuance Requestor - COURT Court
Hearing Continued From: 03/19/2020; 9:00 AM Hearing

**02/24/2020**  ☐ **Agent Served**
Document ID - 20-SMCC-125; Served To - MENARDS, INC D/B/A MENARDS; Server - COLE COUNTY SHERIFF'S DEPARTMENT; Served Date - 20-FEB-20; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED L.S., CSC LAWYERS DESIGNEE.

☐ **Notice of Service**
Plaintiffs Memorandum of Return of Service on CSC Lawyers Inc Service Co for Menards; Affidavit of Service of Summons upon CSC Lawyers Inc Service Co for Menards Inc.
Filed By: KEVIN DEAN WAYMAN
On Behalf Of: LEROY HACKETT, JR.

**02/14/2020**  ☐ **Notice**
NOTICE OF HEARING SENT. GB

☐ **Hearing Scheduled**
Associated Entries: 03/17/2020 - Hearing Continued/Rescheduled  +
Scheduled For: 03/19/2020; 9:00 AM ; DANIEL G PELIKAN; St Charles Circuit Div

☐ **Hearing Continued/Rescheduled**
Hearing Continued From: 03/12/2020; 9:00 AM Hearing

☐ **Judge/Clerk - Note**
DUE TO CONFLICTS IN THE COURTS SCHEDULE THIS CAUSE WILL NEED TO BE RESET FOR 3-19-2020 AT 9:00 AM. GB

**01/27/2020**  ☐ **Hearing Scheduled**
Filed By: KEVIN DEAN WAYMAN

| | | |
|---|---|---|
| | | **Associated Entries:** 02/14/2020 - Hearing Continued/Rescheduled<br>**Scheduled For:** 03/12/2020; 9:00 AM ; DANIEL G PELIKAN; St Charles Circuit Div |
| | ☐ | **Notice of Hearing Filed**<br>Plaintiffs Notice of Hearing on this Matter to be Heard March 12 2020 at 9 am in Division 7.<br>**Filed By:** KEVIN DEAN WAYMAN<br>**On Behalf Of:** LEROY HACKETT, JR. |
| 01/23/2020 | ☐ | **Summons Issued-Circuit**<br>Document ID: 20-SMCC-125, for MENARDS, INC D/B/A MENARDS. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. GNC |
| 01/17/2020 | ☐ | **Filing Info Sheet eFiling**<br>**Filed By:** KEVIN DEAN WAYMAN |
| | ☐ | **Pet Filed in Circuit Ct**<br>Petition.<br>**On Behalf Of:** LEROY HACKETT, JR. |
| | ☐ | **Judge Assigned** |

Case.net Version 5.14.0.17      [Return to Top of Page](#)      Released 11/25/2019